# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-1291V

| | |
|---|---|
| SANDRA BUYSSE,<br><br>                           Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                         Respondent. | Chief Special Master Corcoran<br><br>Filed: September 22, 2025 |

*Mark T. Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.*

*Margaret Armstrong, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DISMISSING CLAIM[1]

On April 28, 2021, Sandra Buysse filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccine on October 31, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On September 17, 2025, Petitioner filed a Motion for a Dismissal Decision. (ECF No. 37).[3] In it, Petitioner notes that she understands that dismissing the Petition will result in a judgment against her, and that she has been advised that such a judgment will end all of Petitioner's rights in the Vaccine Program. Mot. at 1-2.

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose sufficient evidence to establish that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged SIRVA was vaccine-caused. And voluntary dismissal at later stages of case is permitted under Vaccine Rule 21(b).

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a vaccine.

**For these reasons, in accordance with Vaccine Rule 21(b)(1) and Section 12(d)(3)(A) of the Vaccine Act, this case is <u>DISMISSED</u> for insufficient proof, with prejudice. The Clerk of Court shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Although Petitioner's motion was filed as a "Motion to Voluntarily Dismiss pursuant to Rule 21(a)," it appears this was done in error because Petitioner did not include a stipulation of dismissal signed by all parties who have appeared in the action, and the motion came after service of Respondent's Rule 4(c) Report. In addition, Petitioner explicitly states that she understands judgment will be entered against her once the instant motion is granted, and that she intends to elect to reject the judgment once it was entered so she can file a civil action. Mot. at 2. I therefore shall treat the present Motion as arising under Rule 21(b).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.